United States District Court
Southern District of Texas
**ENTERED**
April 30, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| SANTOS QUINTANA ROSENDO, | § § | CIVIL ACTION NUMBER 4:26-cv-02278 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| GRANT DICKEY, *et al*, | § | |
| Respondents. | § | |

**ORDER ON DISMISSAL**

Petitioner Santos Quintana Rosendo filed a petition for writ of *habeas corpus* under 28 USC §2241 on March 20, 2026. Dkt 1. Petitioner acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention under 8 USC §1225(b) violates constitutional guarantees of due process and equal protection. Id at 5–14.

Pending also is a motion by the Government for summary judgment. Dkt 5. It maintains that no bond hearing is required because Petitioner is subject to mandatory detention under 8 USC §1225(b)(2)(A). Id at 5. It further contends that each of Petitioner's arguments asserting that §1225(b)(2)(A) is unconstitutional as applied to him fail on the merits. See id at 8–20.

The Fifth Circuit has now issued a controlling decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026). In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See id at 502–08; see also

*Herrera Avila v Bondi*, 2026 WL 819258 (8th Cir) (holding to same effect).

The undersigned has also determined a number of other issues before and since the Fifth Circuit decided *Buenrostro-Mendez*. For example, see:

- *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that (i) procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A), and (ii) pre-removal-order detention without a bond hearing pending removal proceedings didn't violate substantive due process, where not exceeding the presumptively reasonable six-month period enunciated in *Zadvydas v Davis*, 533 US 678, 701 (2001), as to post-removal-order detention.

- *Herrera Estrada v Thompson,* 4:26-cv-01238 (SD Tex, Apr 27, 2026): Holding that the Government may detain an alien pursuant to §1225(b)(2)(A) while deportation proceedings are pending without offending substantive due process.

- *Llanes Carnesolta v Tate*, 2026 WL 948727 (SD Tex): Holding that disparate treatment between those detained under §1225(b)(2)(A) and §1226(a) doesn't violate equal protection.

- *Marcelo-Aguila v Noem*, 2026 WL 936337 (SD Tex): Holding that an alien's prior release on supervision doesn't constrain the Government's authority to detain an applicant for admission under §1225(b)(2)(A) without an individualized custody determination.

- *Guerra Hernandez v Frink*, 4:26-cv-01001 (SD Tex, Apr 21, 2026): Holding that Justice Kennedy's concurrence in *Demore v Kim*, 538 US 510 (2003) is not controlling authority under the *Marks* rule.

2

The arguments presented by Petitioner in the petition and reply raise only issues resolved to the contrary in the decisions cited above.

Petitioner thus hasn't established that his current detention violates either the Constitution or federal law.

The motion by the Government for summary judgment is GRANTED. Dkt 5.

The petition for writ of *habeas corpus* by Petitioner Santos Quintana Rosendo is thus DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on April 30, 2026, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge

3